IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| KENNETH REYNOLDS, | ) | |
| | ) | |
| Plaintiff, | ) | 8:14CV391 |
| | ) | |
| v. | ) | |
| | ) | |
| CREDIT MANAGEMENT SERVICES, | ) | MEMORANDUM AND ORDER |
| INC., JASON MORLEDGE, MEGAN L. | ) | |
| BISCHOFF, and MICHAEL | ) | |
| MORLEDGE, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on three motions filed by the parties. *See* Filing Nos. 48, 58, and 51. Defendants, Credit Management Services, Inc. ("CMS"), Michael Morledge, Jason Morledge, and Megan Bischoff (collectively "defendants") move for summary judgment (Filing No. 48). Plaintiff, Kenneth Reynolds ("plaintiff" or "Reynolds") has filed a cross motion for partial summary judgment (Filing No. 58), and a motion for class certification (Filing No. 51). The matters have been fully briefed by the parties. *See* Filing Nos. 49, 52, 55, 59, 61, 67, 69. After review of the motions, the parties' briefs, and the applicable law, the Court finds as follows.

**BACKGROUND**

Plaintiff's putative class action suit arises from defendants' filing of certain wage-garnishment affidavits in

attempt to collect on consumer debts.  *See* Filing No. 5.  In order to collect on the judgments, CMS and attorneys within the company's legal department regularly execute certain affidavits required to obtain wage garnishments against the judgment debtor. (Filing 49 at 3-4).  The affidavit in plaintiff's case, signed by defendant attorney Megan Bischoff, stated in pertinent part, "I have good reason to and do believe that this sum is based upon a judgment that: . . . is not for the support of a person, and the judgment debtor is not the head of a family."  (*Id.*; Filing No. 5 at 2).  These affidavits are patterned after the Nebraska Judicial Branch form (Filing No. 49 at 4, 9).

On July 8, 2014, CMS obtained a judgment in the amount of $979.06 plus fees, costs, and interest against plaintiff. (*Id.* at 3).  Defendants subsequently filed the above mentioned affidavit representing to the state court a "good reasoned belief" that plaintiff was not the head of a family.  *See id.* at 10.  However, it is undisputed that plaintiff is presently, and in fact was, at all relevant times, the head of his family entitled to the lower statutory garnishment percentage (Filing No. 49 at 2; Filing No. 59 at 13).

On December 1, 2014, plaintiff filed this putative class action alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.*, and the

Nebraska Consumer Protection Act ("NCPA"), Neb. Rev. Stat. §§ 59-1601 *et seq.* Plaintiff alleges defendants' practice and policies, or lack thereof, resulted in his and other potential class members' wages being wrongfully garnished at a rate of 25% instead of the lower 15% when the debtor is identified as the head of the family according to Nebraska law. *See* Filing No. 5; *see also* Neb. Rev. Stat. § 25-1558(1) (providing a garnishment rate at 25% of "disposable earnings" per week or 15% per week "if the individual is a head of a family."). Both parties now move for summary judgment and plaintiff seeks class certification. *See* Filing Nos. 48, 58, 51.

**LAW**

**I. Summary Judgment**

Summary judgment is only proper when the Court determines the evidence "show[s] that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a),(c); *Semple v. Federal Exp. Corp.*, 566 F.3d 788, 791 (8th Cir. 2009) (quoting Fed. R. Civ. P. 56(c)). The evidence must be viewed in the light most favorable to the nonmoving party, giving the nonmoving party the benefit of all reasonable inferences. *Kenney v. Swift Transp., Inc.*, 347 F.3d 1041, 1044 (8th Cir. 2003). At the summary judgment stage, it is not the function of the Court to

"weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

**II. Class Certification under Federal Rule 23**

In order to certify a class, a plaintiff bears the burden of demonstrating that all the requirements of Fed. R. Civ. P. 23 have been met. *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 614, 117 S. Ct. 2231, 138 L. Ed. 2d 689 (1997). The United States Court of Appeals for the Eighth Circuit has ruled that district courts must conduct a "'rigorous analysis'" of Rule 23's requirements. *Powers v. Credit Management Services, Inc.*, 776 F.3d 567, 569 (8th Cir. 2015) (quoting *Elizabeth M. v. Montenez*, 458 F.3d 779, 786 (8th Cir. 2006)).

Under Rule 23, a plaintiff must establish the four prerequisites of Rule 23(a): numerosity; commonality; typicality; and adequate representation. *Amchem*, 521 U.S. at 613. Then the plaintiff must demonstrate the putative class falls into one of three types provided under Rule 23(b). *Id.* at 614. District courts have discretion in making decisions regarding class certification. *See In re St. Jude Med. Inc.*, 425 F.3d 1116, 1119 (8th Cir. 2005).

**III. Fair Debt Collection Practices Act**

The Fair Debt Collection Practices Act ("FDCPA") was enacted in order to curb "the use of abusive, deceptive, and unfair debt collection practices." 15 U.S.C. § 1692. For a violation of the FDCPA, a plaintiff must prove: (1) the plaintiff has been the object of collection activity arising from a consumer debt; (2) the defendant is a debt collector as defined by the FDCPA; (3) the defendant has engaged in an act or omission prohibited by the FDCPA. *Pace v. Portfolio Recovery Assocs., L.L.C.*, 872 F. Supp. 2d 861, 864 (W.D. Mo. 2012).

**IV. Nebraska Consumer Protection Act**

The Nebraska Consumer Protection Act ("NCPA") prohibits "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce" that "affect the public interest." Neb. Rev. Stat. § 59-1602; *see also* Neb. Rev. Stat. § 59-1601; *Infogroup, Inc. v. DatabaseLLC*, 95 F. Supp. 3d 1170, 1184 n.11 (D. Neb. 2015) (citing *Eicher v. Mid America Fin. Inv. Corp.*, 748 N.W.2d 1, 12 (Neb. 2008); *Arthur v. Microsoft Corp.*, 676 N.W.2d 29, 36 (Neb. 2004)). "The terms 'unfair' and 'deceptive' are not defined in by the [NCPA]" leaving courts to "try to predict how the Nebraska Supreme Court would define and then apply those words . . . ." *Raad v. Wal-*

*mart Stores, Inc.*, 13 F. Supp. 2d 1003, 1011 (D. Neb. 1998).

**DISCUSSION**

**I. Defendants' Motion for Summary Judgment**

For reasons discussed below, the Court will deny defendants' motion for summary judgment in its entirety as to both CMS and the individually named defendants.

    **A. CMS**

Defendants argue the Court should grant summary judgment as to plaintiff's FDCPA and NCPA claims because "the garnishment affidavit at issue accurately stated Ms. Bischoff's belief at that time that Mr. Reynolds was not the head of the family, and because CMS promptly modified the garnishment affidavit . . . there was no 'misrepresentation' . . . ." (Filing No. 49 at 2). Furthermore, defendants suggest that "[a]ny 'mistake' in the affidavit as initially filed constitutes a good faith error, notwithstanding reasonable procedures, to which no liability can attach." (*Id.* at 17). *See also* 15 U.S.C. 1692k©.

Plaintiff counters "[d]efendants have universally applied the same flawed method of processing and filing sworn [g]arnishment [a]ffidavits [by] . . . stating they have 'good reason' and 'do believe' the consumer should be garnished [at]

the higher rate of 25% <u>without knowing</u> whether the wage earner qualifies for the lower statutory withholding rate of 15% . . . ." (Filing No. 69 at 1) (emphasis added). In support of his allegations, plaintiff points to an alleged CMS policy ("CMS 100") which states "In [the] state of Nebraska all employment garns are sent at 25% (Not HOH) unless we know previously they were HOH we will send at 15% (HOH)." (Filing No. 54-3 at 5). However, defendants contend CMS 100 "is <u>not</u> part of [the company's] policy." (Filing No. 67 at 5) (emphasis in original).

The factual resolution of questions and issues relating to CMS 100 are likely to provide valuable direction to plaintiff's claims and defendants' liability thereto. However, it is unclear to the Court based on the parties' discovery whether CMS 100 is in fact part of CMS's internal policies and/or procedures. It is also unclear to whom CMS 100 is addressed, what personnel have access to it, and whether it is followed and to what extent. These and other issues pertaining to CMS 100 require resolution by a trier of fact and not the Court. Therefore, the Court finds that a genuine issue of material fact exists making judgment as a matter of law inappropriate. Defendant CMS's motion for summary judgment as to plaintiff's FDCPA and NCPA claims will be denied.

**B. Michael Morledge**

Defendants argue summary judgment should be granted in favor of CMS's previous owner, Michael Morledge. Defendants assert summary judgment is proper because "there is no evidence that . . . [Mr.] Morledge worked as [a] 'collector[]' with respect to Mr. Reynolds' account, or that [he] played any role in preparing the subject garnishment affidavit, much less in asserting a 'good' belief that Mr. Reynolds was not head of a family." (Filing No. 49 at 21). Defendants also contend "there is no basis to 'pierce the corporate veil' in an attempt to hold owner Michael Morledge personally liable." (*Id.* at 2).

Plaintiff alleges "Michael Morledge is the owner of CMS, an officer and director and shareholder of CMS and is involved in the day to day operations of the business and engaged in the business of collecting debts . . . and . . . is a 'debt collector' within the meaning of 15 U.S.C. 1692(a)(6)." (Filing No. 59 at 7). Plaintiff also "specifically alleges that both Morledges are responsible for implementing the challenged policies and practices and that they are thus liable for their actions." (*Id.* at 71-72).

The FDCPA defines "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of

any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or assessed to be owed or due another." 15 U.S.C. § 1692a(6). The Court here notes a split of authority between the United States Courts of Appeals as to whether individuals can be held personally liable under the FDCPA. *Compare White v. Goodman*, 200 F.3d 1016, 1019 (7th Cir. 2000) (stating the FDCPA "is not aimed at the shareholders of debt collectors operating in the corporate form unless some basis is shown for piercing the corporate veil.") *and Pettit v. Retrieval Masters Creditors Bureau, Inc.*, 211 F.3d 1057, 1059 (7th Cir. 2000) ("the extent of control exercised by an officer or shareholder is irrelevant to determining his liability under the FDCPA.") *with Kristner v. Law Offices of Michael P. Margelefsky, LLC*, 518 F.3d 433, 437 (6th Cir. 2008) (collecting cases, discussing split, and concluding "the FDCPA will require proof that the individual is a 'debt collector,' but does not require piercing the corporate veil.").

The United States Court of Appeals for the Eighth Circuit has yet to affirmatively rule on this issue. However, the Eighth Circuit did provide some guidance in its recent decision in *Powers v. Credit Mgmt. Servs., Inc.*, 776 F.3d 567 (8th Cir. 2015). In *Powers*, the Eighth Circuit reversed the district court's decision to grant plaintiff's motion for class

certification. *Powers*, 776 F.3d at 569. The Eighth Circuit indicated a likelihood that individual "collectors" could be held personally liable. *See id.* at 572 (stating "[e]ach class member may have a stronger claim against the individual attorney who signed the pleadings in that consumer's collection lawsuit.").

Within this district, Judge Joseph Bataillon has determined that individual "collectors" can be held personally liable under the FDCPA. *See*, *Henggeler v. Brumbaugh & Quandahl, P.C., LLO*, No. 8:11CV334, 2012 WL 2855104, at *3 (D. Neb. July 5, 2012) ("Subjecting a member of a limited liability corporation to individual liability requires proof that the individual is a 'debt collector,' but does not require piercing of the corporate veil.") (citing *Kristner*, 518 F.3d at 437-38). Furthermore, a plain reading of the statutory language seems to lead to the conclusion that "debt collectors" can be held personally liable under the FDCPA without piercing the corporate veil. *See generally*, 15 U.S.C. § 1692 *et seq.*; *see also Brumbelow v. Law Offices of Bennett and Deloney, P.C.*, 372 F. Supp. 2d 615, 618-19 (D. Utah 2005) (providing "[t]his holding appears to be faithful to the plain language of the FDCPA."). Based on: (1) the Eighth Circuit's language in *Powers*; (2) Judge Bataillon's holding in *Henggeler*; and (3) the Court's reading of Congress's statutory language, the Court finds that individuals can be held personally

liable under the FDCPA without piercing the corporate veil if they fit within the statute's definition of "debt collector."

The Court finds that summary judgment is inappropriate at this time with respect to Michael Morledge because a genuine issue of material fact exists as to whether Michael Morledge fits under the FDCPA's definition of "debt collector." Whether plaintiff can establish that Michael Morledge is a debt collector under the definition outlined in the FDCPA is a question of fact. The defendants have failed to satisfy their burden under summary judgment's heavy standard. Thus, the Court finds that defendants' motion for summary judgment as to Michael Morledge should be denied.

**C. Jason Morledge**

The Court likewise finds that defendants' motion for summary judgment as to Jason Morledge's personal liability should be denied at this time for the reasons outlined above. Defendants have failed to satisfy their burden as to how, as a matter of law, Jason Morledge does not fit under the statute's definition of a "debt collector." The Court finds that a genuine issue of material fact exists as to whether Jason Morledge fits the statute's definition and will thus deny defendants' motion for summary judgment as to Jason Morledge.

**D. Megan Bischoff**

Attorneys engaged in debt collection qualify under the FDCPA's definition of "debt collector." *Heintz v. Jenkins*, 514 U.S. 291, 292, 115 S. Ct. 1489, 131 L. Ed. 2d 395 (1995). The FDCPA also "applies to litigating activities of lawyers." *Heintz*, 514 U.S. at 294. Thus, defendant Megan Bischoff's filing of the garnishment affidavit is governed by the FDCPA. Defendants have moved for summary judgment arguing "[t]here is no evidence to contradict Ms. Bischoff's testimony regarding her garnishment affidavit work, and no material fact in dispute as to the central issue." (Filing No. 67 at 10). The Court disagrees. The Court finds genuine issues of material fact exist with respect to whether defendants' policies and procedures and Ms. Bischoff's actions related thereto violate the FDCPA and NCPA, making summary judgment inappropriate at this time. Thus, defendants' motion for summary judgment will be denied in its entirety as to both CMS and each of the individually named defendants.

**II. Plaintiff's Partial Motion for Summary Judgment**

Plaintiff argues "[n]o genuine issues of material fact exist with respect to liability determinations [and] . . . partial summary judgment as to liability, should be entered and the matter . . . [should] proceed to trial with regard to

-12-

available damages." (Filing No. 59 at 76). However, the Court finds that genuine issues of material fact do in fact exist prohibiting summary judgment. The Court has already discussed CMS 100 and noted the questions and issues related thereto. For the reasons already stated above relating to CMS 100 and whether the individually named defendants can be considered "debt collectors" or can be shown to have violated the FDCPA, the Court finds that plaintiff's motion for summary judgment should be denied.

**III. Plaintiff's Motion to Certify a Class**

Plaintiff requests the Court certify the putative class under Fed. R. Civ. P. 23. *See* Filing No. 51. Plaintiff proposes the class be comprised of

> (I) all Nebraska residents against whom a judgment was obtained by CMS (ii) in an attempt to collect a debt incurred for personal, family, or household purposes as shown by [d]efendants or the creditors' records (iii) in which a Praecipe and Affidavit for Garnishment Summons was filed with the box checked that the garnishment 'is not for the support of a person, and the judgment debtor is not the head of the family' (iv) pursuant to [d]efendant's policy, that in Nebraska all employment garnishments are sent at 25% (Not HOH) unless CMS's records showed that the judgment debtor had been previously designated as HOH,

-13-

> [d]efendants had not confirmed the
> veracity of [d]efendants' sworn
> statement prior filing.

(Filing No. 52 at 1-2).  The Court finds that although plaintiff's motion meets the requirements under Fed. R. Civ. P. 23(a), the proposed class fails under both Fed. R. Civ. P. 23(b)(2) and 23(b)(3).

Fed. R. Civ. P. 23(a) provides four prerequisites for class certification.  *See* Fed. R. Civ. P. 23(a); *see also Amchem*, 521 U.S. at 613.  With respect to the first prerequisite- numerosity, Rule 23(a)(1) requires the class be "so numerous that joinder of all members is impracticable."  Fed. R. Civ. P. 23(a)(1).  The Court finds plaintiff has satisfied the numerosity requirement of Rule 23.  Under the second requirement of Fed. R. Civ. Pro. 23(a)(2) there must be "questions of law or fact common to the class."  Fed. R. Civ. P. 23(a)(2).  The Court finds plaintiff has satisfied the commonality requirement for class certification.  The third prerequisite under Rule 23(a) requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class."  Fed. R. Civ. P. 23(a)(3).  The Court is satisfied that the typicality requirement has been met.  The fourth and final prerequisite under Rule 23(a) requires adequate representation.  The Rule requires that "the representative parties will fairly and adequately protect the

interests of the class." Fed. R. Civ. P. 23(a)(4). "'The focus of Rule 23(a)(4) is whether: (1) the class representatives have common interests with the members of the class, and (2) whether the class representatives will vigorously prosecute the interests of the class through qualified counsel.'" *Evans v. Am. Credit Sys., Inc.*, 222 F.R.D. 388, 395 (D. Neb. 2004) (quoting *Paxton v. Union Nat. Bank*, 688 F.2d 552, 562 (8th Cir. 1982)) (internal citations omitted). The Court finds the plaintiff and his counsel have established the representation element under Rule 23(a)(4).

Although the plaintiff has met the prerequisites under Rule 23(a), more is required under Rule 23(b) before a class can be certified. "A class action may be maintained if Rule 23(a) is satisfied and if" the plaintiff meets one of the three types of class actions. Fed. R. Civ. P. 23(b); *see also Paxton*, 688 F.2d at 563. Plaintiff seeks class certification under Rule 23(b)(3) alleging the predominance "and superiority elements . . . have been met." (Filing No. 52 at 48). Plaintiff alternatively seeks certification under Rule 23(b)(2) or a hybrid of Rule 23(b)(2) and (b)(3). *See* Filing No. 52 at 44-51.

Defendants argue class certification should be denied because

> [t]he class definition is over-
> broad and non-sensical by including
> persons properly designated as not
> head of family and persons whose
> incorrect designations were
> immaterial . . . [and even] if the
> class definition were [sic] limited
> to persons receiving wage
> garnishments incorrectly designated
> . . . this would lead to endless
> mini-trials . . . needed to
> ascertain who is within the class,
> and whether there was a good reason
> to 'believe' that the judgment
> debtor was not head of family.

(Filing No. 55 at 2) (emphasis in original).

Under Rule 23(b)(3) a "district court may certify a class action if it 'finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.'" *Avritt v. Reliastar Life Ins. Co.*, 615 F.3d 1023, 1029 (8th Cir. 2010) (quoting Fed. R. Civ. P. 23(b)(3)). "At the core of Rule 23(b)(3)'s predominance requirement is the issue of whether the defendant's liability to all plaintiffs may be established with common evidence." *Avritt*, 615 F.3d at 1029.

The plaintiff contends "[d]efendants' practices and policies are uniform across all class members because every wage garnishment is reviewed and prepared in exactly the same way." (Filing No. 61 at 3). Plaintiff also argues the same evidence

-16-

could be utilized because "no individual inquiry is needed." (*Id.* at 39). The Court disagrees. Although plaintiff urges the Court to focus on the practice and procedure performed by defendants and although some of the same evidence could be utilized, plaintiff's proposed class would require many distinct factual inquiries. Some of these include a determination as to: (1) which CMS attorney signed the affidavit; (2) the date the affidavit was signed; (3) whether the individual was in fact the head of family; (4) whether the individual was designated by CMS as not head of family; and (5) what steps and processes were followed by CMS and its attorneys to make the head of household determination. The list above is not exhaustive but enough for the Court to determine that Rule 23(b)(3)'s predominance requirement has not been sufficiently established by the plaintiff. Therefore, class certification under Rule 23(b)(3) will be denied.

Plaintiff alternatively requests the Court certify a class under Rule 23(b)(2). *See* Filing No. 52 at 48-50. Rule 23(b)(2) allows for class certification when "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). "Class

certification under Rule 23(b)(2) is proper only when the primary relief sought is declaratory or injunctive." *In re St. Jude Medical, Inc.*, 425 F.3d 1116, 1121 (8th Cir. 2005). "Rule 23(b)(2) does not extend to cases in which the appropriate final relief relates exclusively or predominately to money damages." *Clayborne v. Omaha Pub. Power Dist.*, 211 F.R.D. 573, 599 (D. Neb. 2002) (internal citations omitted). The Court has determined that plaintiff has failed to establish his burden to show that the primary relief sought is declaratory or injunctive rather than monetary damages. The Court will deny plaintiff's motion to certify a class under Rule 23(b)(2).

Finally plaintiff seeks class certification under a hybrid of 23(b)(2) and 23(b)(3). Because the Court denies class certification under both Rule 23(b)(2) and 23(b)(3) the Court will deny plaintiff's hybrid class for the reasons already stated herein. Accordingly,

IT IS ORDERED:

1) Defendants' motion for summary judgment is denied.

2) Plaintiff's motions for partial summary judgment and for class certification are denied.

DATED this 25th day of February, 2016.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court