IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| KENNETH REYNOLDS, | ) | |
| | ) | |
| Plaintiff, | ) | 8:14CV391 |
| | ) | |
| v. | ) | |
| | ) | |
| CREDIT MANAGEMENT SERVICES, INC., JASON MORLEDGE, MEGAN L. BISCHOFF, and MICHAEL MORLEDGE, | ) ) ) ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on Kenneth Reynolds' (hereinafter "plaintiff") motion to alter or amend (Filing No. 76). The matter has been fully briefed by the parties. *See* Filing Nos. 77, 79, and 85. After review of the motion, the parties' briefs, and applicable law, the Court finds as follows.

**BACKGROUND**

On February 25, 2016, the Court issued an order denying the motion of defendants, Credit Management Services, Inc., Michael Morledge, Jason Morledge, and Megan Bischoff (hereinafter "defendants"), for summary judgment ("February 25, 2016, order"). (Filing No. 75). The February 25, 2016, order also denied plaintiff's motion for partial summary judgment and motion to certify a class. (*Id.*) Plaintiff filed the instant motion on March 11, 2016, "requesting the Court alter or amend its order

denying [p]laintiff's motions for partial summary judgment and motion for class certification." (Filing No. 76 at 1).

**LAW**

The United States Court of Appeals for the Eighth Circuit has determined that although "[a] 'motion for reconsideration' is not described in the Federal Rules of Civil Procedure . . . such a motion is typically construed either as a Rule 59(e) motion to alter or amend the judgment, or as a Rule 60(b) motion for relief from judgment." *Auto Servs. Co., Inc., v. KPMG, LLP*, 537 F.3d 853, 855 (8th Cir. 2008) (citing *Sanders v. Clemco Indus.*, 862 F.2d 161, 168 (8th Cir. 1988)). Rule 59(e) of the Federal Rules of Civil Procedure provides: "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Rule 60(b) provides parties "[g]rounds for [r]elief from a [f]inal [j]udgment, [o]rder, or [p]roceeding." Fed. R. Civ. P. 60(b). A party may seek relief under Rule 60(b) "[o]n motion and just terms" when at least one of six reasons outlined by the Rule's subparts applies. *See id.*

"A district court has broad discretion in determining whether to grant or deny a motion to alter or amend [a] judgment." *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006). The Federal Rules "allow a court

to vacate a judgment or order and to reopen a case in certain limited circumstances such as newly discovered evidence." *Knopik v. Amoco Corp.*, No. Civ. 97-1134 MJD/JGL, 2003 WL 172917, at *1 (D. Minn. Jan. 23, 2003) (citing *Anthony v. Runyon*, 76 F.3d 210, 215 (8th Cir. 1996)). "Motions for reconsideration also serve the purpose of correcting a manifest error of law or fact," and "may be justified on the basis of an intervening change in the controlling law." *Knopik*, 2003 WL 172917, at *1 (internal citations omitted). The Eighth Circuit has also held that motions brought under either Fed. R. Civ. P. 59(e) and 60(b) are to be analyzed identically. *See Metro. St. Louis Sewer Dist.*, 440 F.3d at 933 n.3.

**DISCUSSION**

Plaintiff contends the Court ought to alter or amend the February 25, 2016, order because the "Court's ruling . . . does not consider or discuss the recent decisions in either *Powers v. Credit Mgmt. Servs., Inc.*, No. 8:11CV436, 2016 WL 612251 (D. Neb. Feb. 2, 2016) (summary judgment) . . . or *Powers v. Credit Mgmt. Servs., Inc.*, No. 8:11CV436, ---F.R.D.---, 2016 WL 409996 (D. Neb. Feb. 2, 2016) (Class certfied) . . . ." (Filing No. 76 at 2). Plaintiff also argues "additional new authority" from the United States Supreme Court's opinion *Tyson Foods, Inc. v. Bouaphakeo*, No. 14-1146, ___ U.S. ___, 136 S. Ct.

1036, ___ L. Ed. 2d ___, 2016 WL 1092414 (Mar. 22, 2016) "exists for [p]laintiff's position." (Filing No. 85 at 1). However, the Court finds that plaintiff fails to provide newly discovered evidence, show a manifest error of law or fact, or point to a controlling intervening change in the law from the United States Supreme Court or the Eighth Circuit. The Court is unconvinced of plaintiff's broad interpretation of the Supreme Court's limited holding in *Bouaphakeo*. Plaintiff has failed to meet any of the requirements outlined by the Federal Rules leaving the Court devoid of any reason to alter or amend the February 25, 2016, order. Accordingly,

IT IS ORDERED that plaintiff's motion to alter or amend is denied.

DATED this 12th day of April, 2016.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court